IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SONIA Y. RODRIGUEZ,

Plaintiff,

v.

ANDREW SAUL, COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

CIVIL NO. 18-1618 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On September 29, 2018, Plaintiff Sonia Y. Rodríguez filed the present case challenging Defendant Andrew Saul's ("Commissioner") denial of her petition for Social Security benefits. (Docket No. 3). The Commissioner answered the Complaint and filed the administrative record, after which Plaintiff filed his Memorandum of Law. On February 4, 2020, the Commissioner filed a "Consent Motion to Remand" pursuant to sentence four of 42 U.S.C. § 405(g) to reinstate Plaintiff's benefits retroactively to the date of termination, subject to the rules on eligibility for payment. (Docket No. 23). Shortly thereafter, Plaintiff's counsel filed a motion for attorney's fees in the amount of $4,080.91 pursuant to the Equal Access to Justice Act ("EAJA"). The Commissioner did not object said motion and it was granted by the Court. (Docket Nos. 26, 29 and 30).

On October 1, 2020, counsel for Plaintiff filed a "Petition for Authorization of an Attorney Fee Pursuant to the Social Security Act" (Docket No. 31), seeking an additional $11,058.50 in attorney's fees pursuant to 42 U.S.C. 406(b)(1). The Commissioner filed a response (Docket No. 32); Plaintiff's counsel replied (Docket No. 42); and the

Sonia Y. Rodríguez v. Commissioner of Social Security
Civil No. 18-1618 (CVR)
Opinion and Order
Page  2
_____

Commissioner filed a sur-reply.  (Docket No. 50).

For the reasons explained below, the fee petition under § 406(b) is DENIED as untimely.

## STANDARD

Provisions governing fees for representation in Social Security cases are two-fold. Attorney's fees can be obtained pursuant to the EAJA or under the Social Security Act, 42 U.S.C. § 406.

The EAJA provides that "[a] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 24 U.S.C. § 2412(d)(1)(A).  These fees, which are paid by the agency, are calculated by documenting the appropriate hours expended by counsel and multiplying them by an hourly rate.

In turn, the Court may award a reasonable fee to the attorney, who has successfully represented the claimant in federal court, under § 406(b) not to exceed 25% of the past-due benefits to which the claimant is entitled.[1]  The difference between the two fees stems from the source of the funds.  Under the EAJA, the claimant receives his award in full and the fees are paid by the agency.  Under § 406(b), the fee is paid from the claimant's total award, which is in turn reduced by 25% or whatever lower percentage that the parties

---

[1] A sentence four remand is considered successful representation for purposes of this statute.  See Shalala v. Schaefer, 509 U.S. 292, 300-301 113 S.Ct. 2625, 2631-32 (1993).

agreed to. If both fees are awarded, the attorney must return the smaller EAJA fee to the claimant. See Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122, 1822, S. Ct. 1817 (2002); 28 U.S.C. § 2412.

## LEGAL ANALYSIS

Plaintiff's counsel in the case at bar argues that his petition under § 406(b) was timely filed. In addition, he claims that the fee was reasonable because it was less that the 25% statutory amount and was consistent with fee petitions granted in comparable cases. Finally, counsel asserts that the EAJA fee already obtained will be refunded to Plaintiff should the Court grant his petition under § 406(b).

The Commissioner did not oppose the request under § 406(b), as such, but made several points instead. The Commissioner questioned the timeliness of the motion because it was filed over five months after the date of the "Notice of Award." In addition, regarding the reasonableness factor, the Commissioner cited to Gisbrecht and left the matter to the Court's discretion. To this effect, the Commissioner argued that the Commissioner "is not a true party" to the determination and instead acts like a trustee for the claimant because the fees under § 406(b) are paid from the total award itself and not by the Commissioner. Finally, the Commissioner averred that, should the Court grant the fees pursuant to § 406(b), the fees previously granted under the EAJA should be returned.

Section 406(b) does not contain a specific time deadline for the filing of an

attorney's fee request.² Nor does it contain which is the triggering event. Conveniently, Plaintiff's counsel contends that the triggering event is the receipt of a "closeout letter" from the agency which still has not occurred. Therefore, his fee petition was timely filed.

The Court cannot agree and denies the fee petition under § 406(b) as untimely. The Court finds counsel's reliance on the "closeout letter" to be misplaced and self-serving. The "closeout letter" is simply a notice sent to counsel when he/she has not petitioned the agency for the fees under § 406(b). It serves as a reminder that those moneys are waiting to be distributed and urging counsel to submit the fee petition if so desired or otherwise inform the agency. See HALLEX I-1-2-55. The "closeout letter" has nothing to do with the award amount or its finality.

Courts that have analyzed this matter have found that the "Notice of Award" is the triggering event for the fee petition. See Herrera v. Berryhill, No. 14-1340-E, 2019 WL 157724, at *2 (C.D. Cal. Jan. 10, 2019) (the common practice in the district is to file a motion for § 406(b) fees after counsel has received a "Notice of Award"); Reer v. Astrue, No. 08-21-P-S, 2010 WL 2927255, at *1 (D. Me. July 20, 2010) (fee petition must be filed within 30 days of the date of the Commissioner of Social Security's "Notice of Award"); Garland v. Astrue, 492 F. Supp. 2d 216, 220 (E.D.N.Y. 2007) (holding that "the most logical event for calculating the moment from which the court should begin calculating the time for submitting a 406(b) application after an administrative award of benefits is the issuance of the Notice of Award ("NOA")") and Cordice v. Astrue, No. 09-254, 2012

---

² Compare 28 U.S.C. § 2412(d)(1)(B), with 42 U.S.C. § 406(b)(1)(A).

WL 243089 at *1 (D. Me. Jan. 24, 2012) (distinguishing between interim "Notice of Award" and final "Notice of Award" and holding that the time to file a fee petition is after a final "Notice of Award").

The Notice of Award contains all the necessary information that counsel needs to file his petition for attorney's fees, to wit: the amount owed to Plaintiff, the amount withheld for attorney's fees, a notice that counsel would be getting a copy of the document, information about Medicare, and pertinent appeal information. The fact that the award amount may later be amended by the agency does not change the fact that the "Notice of Award" contains all the necessary information to be considered the triggering document for the fee petition.[3] As such, this Court finds that the Notice of Award is the triggering event for the filing of a fee petition under § 406(b).

The Court next looks at which deadline applies to counsel's fee motion. This issue has not been widely examined in this District or in the Court of Appeals of the First Circuit. In Núñez Sánchez v. Comm'r. of Soc. Sec, No. 99-1365, 2008 WL 8053665 at *6 (D.P.R. Apr. 23, 2008), this District applied a "reasonableness" standard in a Social Security fee petition, but the reasons underlying said holding are inapplicable to the present case. In that case, the fee agreement had been submitted for fees pertaining to both administrative

---

[3] The Court notes that in January 2019, the District Court for the Western District of New York amended its local rules specifically to advise parties that it would entertain motions to adjust § 406(b) awards considering changed circumstances pursuant to Rule 60(b). See W.D.N.Y. Loc. R. 5.5(g)(1) ("Should information come to the attention of either party after the entry of an order approving fees under 42 U.S.C. § 406(b) suggesting that the information used to calculate the appropriate fee was incorrect or incomplete, a motion may be brought under Rule 60(b)(1), (2), or (6) of the Federal Rules of Civil Procedure seeking a correction of the fee approved."). The Court sees no reason why this cannot apply to Social Security fee cases under § 406(b) before this district.

work (which are paid under § 406(a)) and judicial proceedings (to be paid under § 406(b)), and the Court chose to consider them together. The District of Maine has held that a fee motion "shall be filed within 30 days of the date of the Commissioner of Social Security's notice of award", pursuant to that District's Local Rule 54.2. Weimer v. Comm'r, Soc. Sec. Admin., No. 13-458, 2016 WL 1069948, at *1 (D. Me. Mar. 18, 2016). No such Local Rule directly addressing fees in Social Security cases exists in this District.

The Second, Third, Fifth and Eleventh Circuits have held that the 14-day deadline to file an attorney's fee petition set forth in Federal Rule of Civil Procedure 54(d)(2)(B) applies to § 406(b) petitions. See Sinkler v. Berryhill, 932 F.3d 83, 87 (2d Cir. 2019)[4]; Walker v. Astrue, 593 F.3d 274 (3d Cir. 2010); Pierce v. Barnhart, 440 F. 3d 657, 663 (5th Cir. 2006); and Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

On the other hand, the Tenth Circuit held in McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006) that § 406(b) motions were filed under Fed. R. Civ. P. 60(b)(6) and therefore the appropriate deadline was "within a reasonable time of the Commissioner's decision awarding benefits" because the 14-day deadline applicable to motions for attorney fees pursuant to Fed. R. Civ. P. 54 was not practical in Social Security fee award cases. See Fed. R. Civ. P. 60(b)(6) and 60(c)(1).

The Seventh Circuit in Smith v. Bowen, 815 F.2d 1152, 1156 (7th Cir. 1987) applied

---

[4] In Sinkler, the Second Circuit noted that reliance on Rule 60 "appears to conflict[ ] in principle with Supreme Court jurisprudence that instructs that a post-judgment motion for attorney's fees is not properly asserted as a motion to amend or alter judgment", because it was a legal issue that was collateral to the main cause of action and could not be construed as a request for relief from judgment. Sinkler, 932 F.3d at 87, citing to White v. New Hampshire Dep't. of Emp. Sec., 455 U.S. 445, 451, 102 S. Ct. 1162, 1166 (1982).

a "reasonable time" standard to § 406(b) fee petitions before Federal Rule of Civil Procedure 54 was amended to prescribe a 14-day deadline absent a local rule dealing with that specific issue.

Finally, this Court's Local Rule 54(b) calls for a motion for attorney's fees to be filed within 14 days of the expiration of the time for filing a timely appeal in cases in which fees have been contracted or in any case in which no notice of appeal has been filed. An application for fees in all other cases shall be filed within 14 days after the issuance of a mandate. See Loc. R. 54(b).

The Court does not need to resolve the question of which provision of the Federal Rules of Civil Procedure is applicable to the question at hand because, even giving Plaintiff's counsel the widest amount of time possible under Federal Rules of Civil Procedure 60(b)(6) and (c)(1), which set the deadline "within a reasonable time" after the decision to award benefits, the Court finds that the request is untimely and, thus, unreasonable. The Notice of Award in the case at bar was dated April 28, 2020. The fee petition pursuant to § 406(b) was not made until October 1, 2020, that is, almost six months later. The Notice of Award specifically mentioned the specific amount being withheld for attorney's fees and indicated that a copy of the notice was being sent to counsel of record. Unlike in the jurisprudence cited by Counsel for Plaintiff, he has not provided a reasonable explanation to justify waiting such an inordinate amount of time to file the fee petition § 406(b) in this case.[5]

---

[5] Counsel for Plaintiff does aver that "[t]he Commissioner's newfound concern regarding timeliness and the cost to

On a final note, the Court reaches this conclusion mindful of the determination of the Second Circuit, when it held that in order to determine the timeliness of a motion brought pursuant to Rule 60(b)(6), the Court must look at "the particular circumstance of each case and balance the interest in finality with the reasons for delay." PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983). As previously mentioned, this case was a consent remand for benefits. This was not a sentence four remand for further proceedings, but rather a case where Plaintiffs' counsel was on immediate notice that benefits would be awarded to his client. For this additional reason, counsel's delay in filing a petition for attorney's fees under § 406(b) is unjustified. See Garland, 492 F. Supp. 2d at 223 (holding that the attorney "simply waited too long to file his application and must therefore forfeit his entitlement to a fee").

**CONCLUSION**

For the foregoing reasons, Plaintiff's counsel's "Petition for Authorization of an Attorney Fee Pursuant to the Social Security Act" pursuant to § 406(b) (Docket No. 31) is DENIED.

IT IS SO ORDERED.

---

claimants is inconsistent with his delaying the processing of these redetermination claims for years...." (Docket No. 42, p. 10). The rules applicable to the filing of attorney's fees have nothing to do with the duration of any case. Cases oftentimes take years to solve, and the same rules for attorney's fees apply to simple, quick cases, and to complicated, lengthy cases. Two wrongs do not make a right. Furthermore, this case was not a redetermination case, but rather one where the remand was for the award of benefits directly. Therefore, not only was it resolved much faster than a regular remand case, but counsel was also on direct notice that a fee petition would be warranted.

Sonia Y. Rodríguez v. Commissioner of Social Security
Civil No. 18-1618 (CVR)
Opinion and Order
Page  9
_____

In San Juan, Puerto Rico, on this 1st day of June 2021.

          S/CAMILLE L. VELEZ-RIVE
          CAMILLE L. VELEZ RIVE
          UNITED STATES MAGISTRATE JUDGE